IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. CCB 21-089** |
| | * | |
| **ETHAN GLOVER,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | ******* | |

## MOTION TO EXCLUDE TIME
## PURSUANT TO THE SPEEDY TRIAL ACT

Comes now the United States of America, by and through its counsel, Jonathan F. Lenzner, the Acting United States Attorney for the District of Maryland, and Christine Goo and Leo Wise, Assistant United States Attorneys for said district, respectfully submits this Motion to Exclude Time Pursuant to the Speedy Trial Act, and moves to exclude time from the speedy trial calculations pursuant to 18 U.S.C. § 3161(h).

### BACKGROUND

1. On April 30, 2021, the Defendant appeared in the United States District Court for the District of Maryland on an indictment charging him with Theft of Government Property and False Statement to Federal Law Enforcement. On the same date, he was arraigned. On June 7, 2021, the Government provided defense counsel with discovery in this matter.

**LEGAL STANDARD**

2. The Speedy Trial Act requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met, 18 U.S.C. § 3162(a)(2). Certain periods of time, however, are excluded from this 70-day clock. 18 U.S.C. § 3161(h). Some

periods of time are automatically excluded, including periods of delay resulting from the absence or unavailability of the defendant or an essential witness, 18 U.S.C. § 3161(h)(3)(A), and other periods of time are excluded only when a judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," 18 U.S.C. § 3161(h)(7)(A).

3. The Supreme Court has emphasized that the Speedy Trial Act's ends-of-justice provision, 18 U.S.C. § 3161(h)(7)(A), "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record findings" in a continued case. *Zedner v. United States*, 547 U.S. 489, 500 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" 18 U.S.C. § 3161(h)(7)(A). *Id.* at 507. Similarly, the Speedy Trial Act requires that, in granting an ends-of-justice continuance, "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

**ARGUMENT**

4. The parties will review discovery and discuss possible resolution of this matter short of trial and complete discovery. Section 3161 has been interpreted to include a number of different proceedings and events concerning a defendant, including "delays resulting from plea negotiations." *United States v. Ford*, 288 Fed. Appx. 54, 58 (4th Cir. 2008) (unpublished) (approving exclusion of time spent on plea negotiations); *United States v. Fabian*, 798 F. Supp. 2d 647, 673 (D. Md. 2011) (same).]

5. In addition, due to the restrictions imposed by current public-health concerns—particularly given the complexity of this case—it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within Speedy Trial Act time limits. Under

these unusual and emergent circumstances, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Wherefore, the Government respectfully requests that the court enter an Order excluding time under the Speedy Trial Act pursuant to Title 18, United States Code, Sections 18 U.S.C. '§ 3161 (h)(1)(D) and (h)(7)(A), for the period from April 30, 2021, until August 30, 2021, or subject to further Order of this court, and that the Court further Order that the interests of justice served by the requested exclusion of time outweigh the interests of the public and the Defendant in a speedy trial.   A proposed Order is submitted herewith.

Counsel for the defendant, Joseph Murtha, does not object to this request.

## **CONCLUSION**

Based on the foregoing, the Court should enter a case-specific order finding the time between April 30, 2021, until August 30, 2021 excludable time under 18 U.S.C. § 3161(h)(7) and § 3161(h)(3)(A).  However, nothing in the Court's order should preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  A proposed Order is submitted herewith.

Respectfully submitted,

Jonathan F. Lenzner
Acting United States Attorney

By:  \_\_\_\_\_/s/_____
Christine Goo
Assistant United States Attorney