IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No.: CCB-21-089 |
| ETHAN GLOVER | * | |

\*    \*    \*    \*    \*    \*    \*    \*

**DEFENDANT'S MOTION FOR PRODUCTION OF CERTAIN PORTIONS
OF GRAND JURY TRANSCRIPTS AND INCORPORATED MEMORANDUM OF LAW**

Now comes the Defendant, Ethan Glover, by Joseph Murtha, his attorney, and requests that the Court order the production of certain portions of the Grand Jury transcripts in this case (or review such transcripts *in camera*) as detalied below.

**I.    INTRODUCTION AND SUMMARY OF ARGUMENT**

In the case, and relevant to this instant motion, the government has charged Mr. Glvoer with theft of government property. Page 2, paragraph 8, of the superseding indictment states:

> On the dining room table a hand written document with currency totals was recovered. The document recorded that there was $2,428,900 in cash in the house.

In the course of the production of discovery in this matter, the government produced the hand written document that is referenced on page 2, paragraph 8, of the superseding indictment. A copy of that document is attached to this motion as a sealed exhibit. The language used in the superseding indictment does not suggest that the author or scribner of the note averred to the amount of money that was in the house. It appears to be a conclusion that the governemnt offers in the indictment that is not enunciated within the document. If such a conclusion was offered to the Grand Jury, it should be corrected, or retracted, since it is not an accurate depiction of the information contained within the document.

Fort these reasons, explained more fully below, Mr. Glover respectfully submits that the Government's presentation of this erroneous conclusion to the Grand jury was impermissible and has caused - and will continue to cause - him significant prejudice. The Court should order the production (either to Mr. Glover or *in camera* to the Court) of the Grand Jury transcripts in this case to ensure misleading information was not presented to the Grand Jury which induced it to indict Mr. Glover under a manufactured theory.

## II.   GOVERNING LAW

The mission and dual responsibilities of the grand jury are deeply rooted in our justice system. Historically, the grand jury "has been regarded as a primary security to the innocent against hasty, malicious and oppresive prosecutiron; it serves the invaluable function in our society of standing between the accuser and the accused[.] *Wood v. Georgia*, 370 U.S. 375, 390 (1962); *see also United States v. Stevens*, 771 F. Supp. 2d 556, 566 (D. Md. 2011)(grand jury serves as he "protector of citizens against arbitrary and oppressive govemrent actgion:). In fullfiling its mission to "inquire into all informaiton that might possibly bear on its investigation until it has identified an offense or has satisfied itself that none has occurred." *In re Grand Jury John Doe No. G.J. 2005-2*, 478 F. 3d 581, 584 (4th Cir. 2007)(quoting *United States v. R. Enters, Inc.* 498 U.S. 292, 297 (1991)), the grand jury is charged with the dual responsibilities of "determinin[ing] whether there is probable casue to believe a crime has been committed and [] proctect[ing] citizens against unfounded crimial prosecutions." *Stevens*, F. Supp. 2d at 566 (quoting *United States v. Sells Eng'g Inc.,* 493 U.S. 418, 430 (1987). Thus, while the prosecutio is afforded the "right to exercise some discretion and selectivity in the presentation of evidence to a grandy jury, " it is "*not* entitle[d]....to mislead [the grand jury] or engage in fundamentally unfair tactics before it." *United States v. Chambrone*, 601 F. 2d 616,623 (2d Cir. 1979)(emphasis

added). This is because, of course, the grand jury cannot serve its important and independent function if it is misinformed or misled about the evidence or the applicable law.

When misconduct - a broad term the encompasses a wide range of intentional, inadvertent, and unintentional conduct - occurs during grand jury proceedings, an indictment should be dismissed where "it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave dobut that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988)(quoting *United States v. Mechanik*, 475 U.S. 66, 78 (1989) (internal quotation marks omitted)[1]; *Stevens* 771 F. Supp. 2d at 566; *see also United States v. Chamberlain*, 2000 WL 1052037, at *1 (4th Cir. Aug. 3, 2000) (citing *United States v. Derrick*, 163 F. 3d 799, 807 (4th Cir. 1998) (citations omitted). For example, dismissal may be warranted where the govnerment "creat[es] or accept[s]....an erroneous impression" of fact or law to the grand jury. *United States v. Mcdonald*, 61 F. 3d 248, 253 (4th Cir. 1995).

This is true even where the prosecutor's misconduct was inadvertent. *See e.g. Stevens*, 771 F. Supp. 2d at 556 (dismissing indictment for inadverent but erroneous instruction to grand jury); *Feurtado*, 191 F. 3d at 424-25 (Fourth Circuit affirming that district court "took the correct course" in dismissing indictment where misconduct wasd deemed to be unintentional) *see also United States v. Hogan*, 712 F. 2d 757, 762 (2d Cir. 1963) (citing *United States v. Samango*, F. 3d 877, 882 (9th Cir. 1979) ("Although deliberate introduction of perjured testimony is perhaps the most flagrant example of misconduct, other prosecutorial behavior can also cause improper influence and usurpation of the grand jury's role.") For even in the absence of *willful*

---

[1] Courts in the Fourth Circuit have recognized this standard. *See e.g. United States v. Feurtado*, 191 F. 3d 420, 424 (4th Cir. 1999) (recognizing that "[t]he Suppreme Court set the standard for dismissal of indictments in *Bank of Nova Scotia*")

prosecutorial misconduct, dismissal of the indutment may be appropriate to allay a court's "doubt[s] that the grand jury's decision to induct ws free from the influence of evidence presented. *Feurtado*, 191 F. 3d at 424-25.[2]

In short, where the potential for abuse is so great, and the consequences of a mistaken indicment so serious, the ethical responsibilities of the prosecutor, and the obligation of the judiciary to protect against even the appearance of unfairmess, are correspondingly heightened. *United States v. Lawson*, 502 F. Supp 158, 170 (D. Md. 1980) (evaluating "this necessarily high standard of conduct" bestowed upon prosecutors) (quoting *United States v. Seraho*, 604 F. 2d 807, 817 (3d Cir. 1979). Indeed, it has been recognized that "a prosecutor as an officer of the court is sworn to ensure that justice is done, not simply to obtain an indictment." *Hogan*, 712 F. 2d at 759-60; *Lawson, supra; see also, e.g. United States v. Basturo*, 487 F. 2d 781, 786 (9th Cir. 1974) (recognizing "a long line of cases, which recognize the existence of a duty of good faith in the part of the prosecutor with respect to the court, the grand jury, and the defendant.")

The circumstances here, as evidenced by the language in the indictment as contrasted to the acual contents of the "tally sheet" demonstrate that it is likely that the govnerment's presentation to the Grand Jury of mischaracterized evidence which the govnerment knew or should have known, to be, *at a minimum*, misleading, seriously prejudiced Mr. Glover and, at the very least, leaves grave doubt as to whether this mischaraterization substantially influenced the Grand Jury's decison to indict. Indeed, if Mr. Glover's constitutional right to indictment by grand jury may be satisified by obtaining an indictment from a grand jury that has been misled or misinstructed on the pertinent evidence, that constitutioal right will cease to be a meanngful

---

[2] In other words, the Fourth Circuti found in *Feurtado* that dismissal was appropriate even thought it "did not find the defendants had established that improper testimony substantially influenced the grand jury's decision to indict." *Id.*

protection for Mr. Glover and other defendants alike. Accordingly, in order to determine the extent of the prejudice that was caused by the government's conduct, it is necessary to obtain the transcription of the Grand Jury proceedings.

### III. THE COURT SHOULD ORDER THE GOVERNMENT TO PRODUCE THE GRAND JURY TESTIMONY AND INSTRUCTION REGARDING THE DESCRIPTION OF THE "TALLY SHEET"

Although grand jury proceedings are generally secret in nature, that rule is by no means absolute. *Douglas Oil Co. Of California v. Petrol Stops Northwest*, 441 U.S. 211, 219-20 (1979) (citing *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 233-34 (1949). Indeed, the Federal Rules of Criminal Procedure expressly provide that the Court is authorized to order disclosure of grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment becasue of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii).

To obtain the disclosure, a defendant must demonstrate a particularized need exists that outweighs the policy of grand jury secrecy. *See e.g. In re Grand Jury Proceedings, GJ-76-4 & GJ-75-3*, 800 F. 2d 1293, 1299 (4th Cir. 1986)(citing *Sells Eng'g*, 463 U.S. at 443); *United States v. Miramontez*, 995 F. 2d 56, 59, (5th Cir. 1993) (citing *Douglas Oil*, 441 U.S. at 221-22)). Once a particularized need has been shown, the Court may exercise its discretion to lift the veil of grnad jury secrecy. *See United States v. Johnson*, 337 F. 2d 180, 197 (4th Cir. 1964)("[W]here there is a particularized need for grand jury minutes, it is within the sound discretion of the district court to require their production.") Alternatively, the Court may review the grand jury transcripts *in camera* to determine the extent which the material should be disclosed. *See United States v. Jefferson*, 546 F. 3d 300, 306 (4th Cir. 2008) (noting that district court reviewed portions of the grand jury record *in camera*); *United States v. Naegele*, 474 F. Supp. 2d 9, 11-12 (D.D.C.

2007) ("only a complete review of the entire Grand Jury proceeding can illuminate the extent of the government's reliance on the [defective evidence] to obtain all remaining counts of the Indictment") (alterations not in original).

WHEREFORE, Ethan Glover, Defendant, by Joseph Murtha, his attorney, prays that the Court grant the relief requested in this motion

Respectfully submitted,

/s/
Joseph Murtha
Rice Murtha & Psoras, LLC
1301 York Road, Suite 200
Lutherville, Maryland 21093
(410) 583-6969
jmurtha@ricelawmd.com

Attorney for Defendant
Ethan Glover

JM10357

2007) ("only a complete review of the entire Grand Jury proceeding can illuminate the extent of the government's reliance on the [defective evidence] to obtain all remaining counts of the Indictment") (alterations not in original).

WHEREFORE, Ethan Glover, Defendant, by Joseph Murtha, his attorney, prays that the Court grant the relief requested in this motion

Respectfully submitted,

/s/
Joseph Murtha
Rice Murtha & Psoras, LLC
1301 York Road, Suite 200
Lutherville, Maryland 21093
(410) 583-6969
jmurtha@ricelawmd.com

Attorney for Defendant
Ethan Glover

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of January, 2022, I caused the foregoing Motion to be served electronically to all parties using the CM/ECF system.

-s-
Joseph Murtha

JM10357