IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. SAG 21-089 |
| | * | |
| ETHAN GLOVER, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ****** | | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO ALLOW INTRODUCTION OF L.E.'S CONTINUED INFORMANT STATUS ON CROSS-EXAMATINATION AND AS REBUTTAL EVIDENCE**

The United States of America, by its undersigned counsel, hereby responds in opposition to the Defendant's Motion in Limine to Allow Introduction of L.E.'s Continued Informant Status on Cross-Examination and as Rebuttal Evidence. ECF No. 65. The Defendant's motion is meritless and should be denied.

**I.      INTRODUCTION**

In his motion, the Defendant asserts that an anticipated government witness, whom the Defendant identifies as L.E., testified in the grand jury that, among other things, "he did not want to be an informant," and that he testified in the grand jury that he returned money to the Defendant that the Defendant had given him from the BPD's informant fund for providing information to the Defendant concerning a vehicular homicide.[1] Mot. at 2. In his motion the Defendant moves for

---

[1] The allegations that are contained in the Superseding Indictment which pertain to L.E., whom the Superseding Indictment refers to as "WITNESS 1," are as follows:
In August of 2018, WITNESS 1 contacted the Defendant with information about a vehicular homicide that occurred in Baltimore City, Maryland. The information that WITNESS 1 provided to the Defendant assisted in the investigation of the vehicular homicide. ECF 16 at Count Two ¶ 5.

an in limine ruling that certain text messages and two voicemails from May 2019 and February 2020 are admissible. The Defendant asserts that these text messages and the voicemails evidence L.E.'s "status as a continued informant." Mot. at 1. The Defendant submitted screenshots of the text messages with his motion, see Exhibit 2 (filed under seal), but did not include a transcript of the voicemails. The Defendant argues these text messages and voicemails are admissible for the following purpose:

> It is not counsel's intention to introduce text messages or voicemails unless L.E. claims that he did not continue [sic.] If L.E. denies that he continued to act as an informant with law enforcement between allegedly returning informant funds and the time of his testimony before the grand jury in September 2021, the introduction of the text messages and voicemails would be proper rebuttal evidence as it would be offered **for the purpose of disproving L.E.'s [grand jury] testimony.**

Mot. at 3 (emphasis added).

[this space intentionally left blank]

---

In August of 2018, the Defendant offered to provide WITNESS 1 with monetary compensation for the information he provided for the vehicular homicide. *Id.* at ¶ 6.

In August of 2018, the Defendant contacted WITNESS 1 and asked him to meet him at the Drug Enforcement Administration, Baltimore District Office ("BDO"). *Id.* at ¶ 7.

When WITNESS 1 arrived to the BDO, he met with the Defendant and "CC." WITNESS 1 signed paperwork provided to him by the Defendant and CC and received $1,000 for the information he provided for the "Vehicular Homicide". *Id.* at ¶ 8.

The $1,000 that the Defendant and CC gave to WITNESS 1 came from the Baltimore Police Department Fiscal Section. *Id.* at  The BPD Fiscal Section receives its funds from the City of Baltimore. *Id.* at ¶ 9.

After the meeting, WITNESS 1 decided that he did not want to be an informant for the BPD and wanted to return the money to the Defendant. *Id.* at ¶ 10.

On or about August 15, 2018, WITNESS 1 contacted the Defendant and asked to meet with him. *Id.* at  the Defendant and WITNESS 1 met in a parking lot and WITNESS 1 returned the $1,000 to the Defendant. *Id.* at ¶ 11.

The Defendant kept the $1,000 for himself and did not return it to the BPD. *Id.* at ¶ 12.

## II.     ARGUMENT

### A. Federal Rule of Evidence 608(b) Prohibits the Admission of the Texts and Voicemails Because they Would Be Offered as Extrinsic Evidence to Impeach a Witness' Credibility

These text messages and voicemail are inadmissible for the purpose of "disproving L.E.'s [grand jury] testimony. "[E]xtrinsic evidence offered to impeach the credibility of a witness is inadmissible under Federal Rule of Evidence 608(b) . . ." *United States v. Grover*, 85 F.3d 617, *5 (4th Cir. 1996). Rule 608(b) provides that:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness....

To be clear, "inquiring" about whether L.E. continued to be an informant in 2019 and 2020 does not allow the Defendant to introduce the text messages and the voicemails in an attempt to prove that he was. That is because "A cross-examiner may inquire into specific incidents of conduct, but does so at the peril of not being able to rebut the witness' denials." *United States v. Bynum*, 3 F.3d 769, 772 (4th Cir. 1993); *United States v. Cochran*, No. 4:12-CV-220-FL, 2015 WL 12851392, at *2 (E.D.N.C. Jan. 6, 2015). "[The Fourth Circuit] has summarized the no extrinsic evidence rule by stating "the interrogator is bound by (the witness') answers and may not contradict him." *United States v. Ling*, 581 F.2d 1118, 1121 (4th Cir. 1978); *United States v. Whiting*, 311 F.2d 191, 196 (4th Cir. 1962), *cert. denied*, 372 U.S. 935 (1963). If L.E. testifies at trial in a way that is different from what he testified to in the grand jury, then the Defendant can attempt to impeach him using his grand jury testimony pursuant to Federal Rule of Evidence 613. But he cannot introduce the text messages and voicemails for the purpose of establishing that L.E.'s grand jury testimony was false.

## B. The Texts and Voicemails are Not Admissible to Prove a Material Fact at Issue or to Show Bias or Motive

Nor are these text messages and voicemails so called "dual relevance" evidence. Dual relevance evidence is "offered not only to impeach the credibility of a witness but it is also offered to prove some material fact at issue in the case, or it is independently admissible to impeach by showing such things as bias. *Grover*, 85 F.3d at *5; *United States v. Jacobs*, 215 F. App'x 239, 242 (4th Cir. 2007) ("A witness' credibility may not be impeached by extrinsic evidence of specific instances of conduct, other than by evidence of a conviction, *see United States v. Blackshire*, 538 F.2d 569, 572 (4th Cir.1976), unless the extrinsic evidence is probative of a material issue in the case."); *United States v. Smith Grading & Paving, Inc.,* 760 F.2d 527, 531 (4th Cir.1985).

Whether L.E. was an informant for the Defendant in 2019 and 2020 does not prove "some material fact at issue in the case," and therefore should be excluded. "District courts should [] exclude extrinsic evidence which seeks to impeach by contradiction when the fact that the evidence supports or undermines is collateral or irrelevant to the material issues in the case." *Grover*, 85 F.3d at *5. That is precisely the case here.

"[E]evidence is relevant under Federal Rule of Evidence 401 if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Grover*, 85 F.3d at *5. The Defendant is charged with lying to the FBI, specifically, by volunteering that "I've never stolen anything in my life. Never money or drugs," during a voluntary interview. Superseding Indictment (ECF 16) at Count Two ¶ 16. Part of the proof of that lie is that, as the Superseding Indictment alleges, in August 2018, L.E. returned the $1,000 that the Defendant gave him from the BPD informant fund and the Defendant kept it for himself. Whether L.E. was an informant in 2018 is a material fact at issue in the case but it is not in dispute. The Superseding Indictment

4

alleges that he was an informant in 2018, L.E. testified to that fact in the grand jury, and the Defendant cites to that testimony in his motion. Whether L.E. was an informant in 2019 and 2020 does not make it more or less probable that L.E. returned the $1,000 that the Defendant had given him to the Defendant or that the Defendant kept it. The Defendant offers no evidence that L.E. was paid for the information he allegedly provided via these texts and voicemails. If he had, then that fact would support the Defendant's contention that he did not return the $1,000 that the Defendant gave him in 2018. But absent such evidence, the fact that he may have provided information to the Defendant in 2019 and 2020 does not make the fact that he returned the money to the Defendant more or less probable.

Finally, the texts and voicemails are not admissible to establish bias or a motive to fabricate testimony. The Fourth Circuit has held that "generally applicable evidentiary rules [such as Rules 404(b) and 608] limit inquiry into specific instances of conduct through the use of extrinsic evidence and through cross-examination with respect to general credibility attacks, but no such limit applies to credibility attacks based upon motive or bias." *Dorman v. Annapolis OB-GYN Assocs., P.A.*, 781 F. App'x 136, 145 (4th Cir. 2019); *Quinn v. Haynes*, 234 F.3d 837, 845 (4th Cir. 2000). Nothing about the texts or the voicemails show that L.E. had a bias against the Defendant or a motive to fabricate his testimony. To the contrary, they show that L.E. and the Defendant continued to have a positive relationship in 2019 and 2020.

### C. The Texts and Voicemails are Not Admissible Pursuant to Rule 613(b) Because L.E. is Not a Party Opponent

Nor does the fact that the Defendant claims that the texts and the voicemails were authored by L.E. establish their admissibility. Treating them, for the sake of argument, as prior statements of L.E., he is not a party to this case let alone a party opponent, and therefore his statements are not admissible pursuant to Federal Rule of Evidence 613(b). *See United States v. Lutz*, 153 F.3d

723 (4th Cir. 1998) ("Thus, under *Ling* and Rule 608(b), the prosecution could not offer extrinsic evidence of prior conduct to prove the falsity of an answer given. To the contrary, however, the present case is distinguishable from *Ling* because the tape-recorded evidence admitted in the instant action was Appellant's own prior statement, not prior conduct. As a prior statement, the tape recording was admissible as an admission by a party-opponent under Rule 801(d)(2)(A) and as a prior inconsistent statement under Rule 613(b) of the Federal Rules of Evidence.").

### D. The Confrontation Clause Does Not Offer a Basis to Admit the Texts and Voicemails

The Defendant cites *United States v. Caudle*, 606 F.2d 451, 457 (4th Cir. 1979) for the unremarkable proposition that, "Cross examination is the principal means by which the believability of a witness and the truth of his testimony are tested." Mot. at 3. However, the Confrontation Clause of the Sixth Amendment to the U.S. Constitution, which was the subject of the *Caudle* opinion, does not offer a basis for admissibility in this case. As the Fourth Circuit has held:

> Accordingly, it is clear from Supreme Court precedent that the Sixth Amendment guarantees the right of a criminal defendant to reasonable cross-examination, when otherwise appropriate, for the purpose of impeaching the credibility of key witnesses. *See Olden v. Kentucky,* 488 U.S. 227, 232, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988); *Davis,* 415 U.S. at 315–16, 94 S.Ct. 1105. It does not follow, however, that the Confrontation Clause of the Sixth Amendment prevents a trial court from imposing any limits on the scope of defense counsel's cross-examination and presentation of evidence related to the impeachment of a key prosecution witness's credibility. "On the contrary, trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall,* 475 U.S. 673, 678, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).

*Quinn v. Haynes*, 234 F.3d 837, 847 (4th Cir. 2000). Those concerns are all implicated here. Labeling L.E. a "continuing informant," or, more colloquially a "snitch," amounts to harassment and implicates L.E.'s safety in the community. Further, it risks confusing the issues because

whether L.E. was an informant in 2019 and 2020 is irrelevant to whether he returned $1,000 in BPD informant funds, which is the matter about which the Defendant lied and is the subject of the charge in the Superseding Indictment.

### E. The Texts and Voicemails Should Be Excluded Pursuant to Rule 403

Even if marginally relevant, whether L.E. was providing information to the Defendant in 2019 and 2020 should be excluded because it poses significant risks of unfair prejudice, confusing or misleading the jury, and undue delay. *See* Fed. R. Evid. 403.  Further, even if evidence related to the Defendant's allegations had "marginal relevance" to this case (which it does not), the "likely (and presumably intended) effect" would be "to shift the focus away from the relevant evidence of [the defendant's] wrongdoing" to matters that are, at most, "tangentially related." *United States v. Malpeso*, 115 F.3d 155, 163 (2d Cir. 1997) (upholding exclusion of evidence of alleged misconduct by FBI agent).  Whether L.E. was an informant or "snitch" in 2019 and 2020 is just such an issue.  This would "create[] the very real possibility that the jury would improperly discredit the government's case." *Id*.

### III. CONCLUSION

For the foregoing reasons, the Court should deny the Defendant's motion to admit extrinsic evidence in the form of text messages and voicemails for the purpose of impeaching and rebutting L.E.'s testimony.

    Respectfully submitted,

    Erek L. Barron
    United States Attorney

By: \_\_\_\_\_/s/_____
    Leo J. Wise
    Christine Goo
    Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this filing was served on defense counsel via ECF electronic filing.

By: \_\_\_/s/_____
      Leo J. Wise
      Assistant United States Attorney